IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL HILL,                                                                OPINION AND
                                                                              ORDER
                Plaintiff,
                                                                              07-cv-286-bbc
     v.

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under the Federal Tort Claims Act, plaintiff Michael Hill alleges that prison officials at the Federal Correctional Institution in Oxford, Wisconsin confiscated or lost his personal property when he was placed in the Special Housing Unit at the institution. Now before the court is defendant's motion to dismiss plaintiff's claim under the Federal Tort Claims Act on the ground that it is barred by the decision of the United States Supreme Court in Ali v. Federal Bureau of Prisons, — S. Ct. —, Case No. 06-9130, 2008 WL 169359 (Jan. 22, 2008). In Ali, the Court determined that 28 U.S.C. § 2680(c) prohibited a federal prisoner from bringing a claim under the Federal Tort Claims Act after his personal property was lost or misappropriated during his transfer between two prisons. Id.

1

In his response to defendant's motion to dismiss, plaintiff appears to concede that, in light of the decision in Ali, he cannot proceed on his claim under the Federal Tort Claims Act. However, he asks to be allowed to proceed with a claim against an unnamed individual officer for a violation of his constitutional right to due process under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

When I screened plaintiff's complaint, I found that he had alleged the following facts:

> On January 19, 2007, petitioner was placed in the "special housing unit" at the Federal Correctional Institution in Oxford, Wisconsin. While he was in the special housing unit, unit officer Darcy packed all of petitioner's personal property. On January 28, 2007, while petitioner was still in the special housing unit, he received his personal property. When petitioner went through the property, he discovered that two towels, two washcloths, headphones, a photo album, an alarm clock battery, a white robe, tennis shoes, a cooler and numerous stamps were was missing. Petitioner purchased these items from the institution commissary for $200.03. He incurred $25 in additional expenses related to these purchases.
>
> When petitioner was released from the special housing unit on January 29, 2007, he went through his property again and the items remained missing. Petitioner never received notice that his property had been confiscated as required by program statement 5580.07 and no one seems to know what happened to petitioner's property. Petitioner exhausted his administrative remedies. Petitioner filed a tort claim, which was denied on May 11, 2007 by Richard Schott, Regional Counsel for respondent Bureau of Prisons.

Screening Order, dkt. #4, at 2-3. In his response to defendant's motion to dismiss, plaintiff states that many items of his property were lost after they were left in his cell.

Plaintiff's request to proceed on a claim under the due process clause will be denied.

There are two problems with plaintiff's request.  First, plaintiff does not identify who he believes is responsible for the loss of his property.  In his complaint, he states that "no one seems to know who took" his property.  He does not offer any additional information in his response to defendant's motion to dismiss.   If this case were just beginning, this might not be fatal to plaintiff's effort.  However, we are not at the beginning of the case; plaintiff has had several months in which to conduct discovery to learn who was responsible for the disappearance of his property.

Second, and more important, plaintiff's allegations in his original complaint and in his response to defendant's motion to dismiss make clear that he believes that his property was mishandled, lost or misplaced when he was moved between cells.  Even if plaintiff could identify who was at fault, these allegations are insufficient to support a claim under the due process clause because "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).

Therefore, defendant's motion to dismiss will be granted and the case will be closed.

3

ORDER

IT IS ORDERED that the motion of defendant United States of America to dismiss plaintiff Michael Hill's complaint is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 5th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4